# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL COMPLAINT |
| v. | |
| PETER J. COSTAS | Mag. No. 18-3754 (MF) |

I, Eric Eccleston, being duly sworn, state the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Federal Bureau of Investigation, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached pages and made a part hereof.

_____
Eric Eccleston, Special Agent
Federal Bureau of Investigation

Sworn to before me and subscribed in my presence,
November 7, 2018, in Newark, New Jersey

_____
THE HONORABLE MARK FALK
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

From at least as early as in or around November 2017 through in or around November 2018, in Essex and Monmouth Counties, in the District of New Jersey, and elsewhere, defendant

PETER J. COSTAS

did knowingly and intentionally conspire with others to knowingly and willfully execute, and attempt to execute, a scheme and artifice to defraud a health care benefit program, as defined under Title 18, United States Code, Section 24(b), and to obtain, by means of false and fraudulent pretenses, representations, and promises, any money and property owned by, and under the custody and control of, any health care benefit program, in connection with the delivery of and payment for health care benefits, items, and services, contrary to Title 18, United States Code, Section 1347.

In violation of Title 18, United States Code, Section 1349.

## ATTACHMENT B

I, Eric Eccleston, am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have knowledge of the facts set forth herein based on my own investigation, my conversations with other law enforcement officers and others, and my review of reports, documents, and other evidence. Because this Complaint is being submitted for a limited purpose, I have not set forth every fact that I know concerning this investigation. Where I assert that an event took place on a particular date, I am asserting that it took place on or about the date alleged. Statements attributed to individuals are provided in substance and in part.

### Overview of the Conspiracy

1. In or around July 2018, the FBI began investigating defendant PETER J. COSTAS ("COSTAS"), and others, for conspiring to commit health care fraud in order to unlawfully enrich themselves.

2. Based on information obtained from lawfully intercepted conversations, search warrants, physical surveillance, GPS trackers, searches of law enforcement databases, interviews of witnesses, bank records, phone records, health insurance records, and other investigative techniques, the investigation has revealed that COSTAS has conspired to commit health care fraud by bribing individuals in New Jersey who: (1) are covered under a health benefit program, as defined under 18 U.S.C. § 24(b); (2) are addicted to heroin or other controlled substances; and (3) are not truly seeking addiction treatment ("Individual Addicts"), to travel to various inpatient detox centers and drug treatment facilities around the country, including locations in New Jersey, California, Colorado, Arizona, Florida, and elsewhere (the "Facilities").

3. Once the Individual Addicts travel to and enroll at the Facilities, the scheme requires that the Individual Addicts remain there for a certain amount of time to generate billing from the Facilities to various health care benefit programs, which then reimburse the Facilities. Such billings to and reimbursements from health care benefit programs trigger a referral payment from the Facilities to COSTAS (the "Referral Payment"). COSTAS then pays the Individual Addict a bribe for having enrolled at the Facilities for the sole purpose of billing the Individual Addict's health benefit program (the "Individual Addict Bribe").

4. COSTAS explicitly instructs the Individual Addicts to hide from other patients and employees at the Facilities that COSTAS is paying them Individual Addict Bribes because COSTAS will lose the Referral Payment from

3

the Facilities if other patients or employees at the FACILITIES discover that COSTAS is paying Individual Addict Bribes.

**Representative Example of COSTAS's Scheme**

5. In or around June 2018, COSTAS recruited two individuals who were addicted to heroin and living in New Jersey ("Individual Addict-1" and "Individual Addict-2") to the scheme. Individual Addict-1 and Individual Addict-2 were dating.

6. On or around June 23, 2018, in an exchange over Facebook Messenger obtained by law enforcement, COSTAS promised to pay Individual Addict-1 and Individual Addict-2 a bribe of $3,000 each if they traveled to a Facility in California for drug treatment. COSTAS also offered to arrange and pay for airline travel to California if they agreed.

7. During the conversation, COSTAS directed Individual-1 to send COSTAS the health insurance information for Individual Addict-1 and Individual Addict-2. Individual Addict-1 then sent a series of four photographs over Facebook Messenger to COSTAS of both the front and back of Individual Addict-1's and Individual Addict-2's health insurance cards, which both contained information such as: the name of the health insurance companies; Member Names; Member ID Numbers; Group Numbers; Plan Codes; and deductible and co-pay information.

8. Later during the conversation, COSTAS promised that once Individual Addict-1 and Individual Addict-2 arrived at the Facility in California and remained there for a sufficient amount of time, COSTAS would fly to California to pay them Individual Addict Bribes of $3,000 each. When Individual Addict-1 expressed doubt about whether COSTAS would pay the Individual Addict Bribes, COSTAS responded, "Don't worry. . . . I do this with SO MANY PPL."

9. Before the conversation ended, COSTAS reminded Individual Addict-1 not to tell any other patients or employees at the Facility about the Individual Addict Bribes.

10. Five days later, on or around June 28, 2018, Individual Addict-2, who was residing at the Facility in California with Individual Addict-1, sent COSTAS a message over Facebook Messenger asking COSTAS about the status of the Individual Addict Bribes. In response, COSTAS reassured Individual Addict-2 that COSTAS would fly to California soon to provide it.

11. Later during the same conversation, Individual Addict-2 told COSTAS that if COSTAS made good on his promise to pay the Individual Addict Bribes, Individual Addict-2 would go to additional Facilities to generate more fraudulent billing to health insurance plans in order to trigger additional Referral Payments and Individual Addict Bribes: "[J]ust get us [sic] grab the dough and put us in another place. . . . Get paid some more feel me. . . . I'll keep this up all year wit[h] you. As long as you do us right."

12. Based on billing information obtained by law enforcement from Individual Addict-1's health insurance plan, a health care benefit program as defined under 18 U.S.C. § 24(b) ("Individual Addict-1's Health Insurance"), Individual Addict-1's Health Insurance was billed approximately $257,000 for Individual Addict-1's stay at three separate Facilities in California beginning in or around June 2018 and continuing through in or around October 2018.